NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID HENRY PINCKNEY, | |
| Plaintiff, | Civil Action No. 24-8474 (RK) (JTQ) |
| v. | **MEMORANDUM OPINION** |
| SOMERSET PROBATION CHILD SUPPORT ENFORCEMENT, | |
| Defendant. | |

**KIRSCH, District Judge**

   **THIS MATTER** comes before the Court upon Defendant Somerset Probation Child Support Enforcement's[1] ("Defendant") Motion to Dismiss (ECF No. 10) *pro se* Plaintiff David Henry Pinckney's ("Plaintiff" or "Pinckney") Complaint[2] (ECF No. 1; "Compl."). Plaintiff opposed[3] the Motion (ECF No. 12-1; "Opp"; *see also* ECF No. 11), and Defendant replied (ECF No. 12, "Reply"). The Court has considered the parties' submissions and resolves the pending motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion (ECF No. 10) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED**.

---

[1] According to Defendant, their official name is the "Child Support Enforcement Unit of the Superior Court of New Jersey, Somerset/Hunterdon/Warren Vicinage Probation Division." (*See* ECF No. 10-1 at 1, 8.)

[2] Along with the Complaint, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 1-3.) Before the Court screened same, Plaintiff paid the filing fee, which rendered the IFP application moot. (Docket Entry, dated February 18, 2025.)

[3] As Plaintiff's opposition brief filed at ECF No. 11 was missing some pages, Defendant filed the full opposition brief they received from Plaintiff at ECF No. 12-1. (*See* Reply at 2 n.1.)

## I.    BACKGROUND

The following facts are derived from Plaintiff's Complaint[4] and accepted as true only for purposes of this Motion to Dismiss. Pinckney, who resides in Passaic, New Jersey, filed a form complaint alleging claims under four federal statutes and one uniform commercial code section: 28 U.S.C. § 2007, 18 U.S.C. §§ 241, 242, 1346, and UCC § 3-311. (Compl. at 3.) The Complaint's factual allegations, in their entirety, are as follows:

> Defendant Somerset Probation cashed an Instrument and accepted and adhered to one of the two provisions then acquiesced to the changes four (4) times under affidavit and refuses to perform "satisfaction" of the revised contract.

(*Id.* at 4.) In December 2017, Pinckney was allegedly ordered by the Superior Court of New Jersey to pay $105 in weekly child support payments. (ECF No. 1-2 at 15.) As of July 26, 2024, Pinckney was in arrears nearly $55,000 and was delinquent in providing health insurance for his children. (*Id.* at 3, 15.)

Although not completely clear, Pinckney appears to allege that he is released from child support obligations based on the following: on November 25, 2023, Pinckney sent a money order for $100 to Defendant, and included in the memo line of the money order that provides (1) the funds should be applied to a specific debt account, "CS 90473325b," and (2) the debt was "Paid in Full." (*See id.* at 7.) According to Pinckney, when Defendant cashed the money order and applied $100 to the child support debt account listed in the memo line, Defendant *also* accepted the term that the debt had been paid in full. (*Id.*; *see also id.* at 31–32.)

---

[4] Attached to the Complaint is a "Rule 56 filing." (ECF No. 1-2 at 1.) The attachment contains extensive communications from Defendant to Plaintiff regarding outstanding child support payments, as well as affidavits, certifications, and other related documents. (*See generally* ECF No. 1-2.) In construing Plaintiff's complaint liberally, the Court will consider the "Rule 56 filing" attached to the Complaint as incorporated therein. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (instructing courts to give "greater leeway to pro se litigants").

Plaintiff requests relief in the form of having (i) his debt "CS 90473325b" be declared paid in full; (ii) $84,636.27 in money collected by Defendant be returned to Plaintiff; (iii) arrears associated with "CS 90473325b," totaling $54,216.16, be canceled; and (iv) damages paid to him in the amount of $333,110. (*Id.* at 54.)

Notably, this is not Plaintiff's first foray into federal court. In fact, since the start of 2022, Plaintiff has filed fourteen (14) actions in the District of New Jersey alone.[5] Five are currently pending. Of the fourteen cases, four are against the same Defendant as in this action.[6] While Pinckney's theory in a different case before the Undersigned is that Defendant collected money from him through coercion, fraud, and theft, the essence of the claim here is the same: Defendant is not entitled to collect child support payments from him. *Pinckney v. Somerset Prob.*, No. 25-163 (D.N.J.); *see* n.6.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction, and they possess only that power authorized by Constitution and statute." *Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 818 (3d Cir. 2023) (quoting *Kokkonen v. Guardian*

---

[5] The other thirteen cases filed are: *Pinckney v. Rahill*, No. 22-2409 (D.N.J.); *Pinckney v. Bury*, No. 22-2408 (D.N.J.); *Pinckney v. U.S. Dep't of State*, No. 22-3376 (D.N.J.); *Pinckney v. Cofaro*, No. 22-6122 (D.N.J.); *Pinckney v. O'Connor*, No. 23-22563 (D.N.J.); *Pinckney v. Det Mankowski*, No. 23-22645 (D.N.J.); *Pinckney v. Romer*, No. 23-22646 (D.N.J.); *Pinckney v. State of N.J. Violation System*, No. 23-22688 (D.N.J.); *Pinckney v. Snyder*, No. 24-251 (D.N.J.); *Pinckney v. Somerset Probation C.S. Enforcement*, No. 24-5681 (D.N.J.); *Pinckney v. Honorable Robert G. Wilson*, No. 24-5682 (D.N.J.); *Pinckney v. Somerset Probation Child Support*, No. 24-8474 (D.N.J.); *Pinckney v. PTL J. McIntyre*, No. 24-10250 (D.N.J.).

[6] *See Pinckney v. Somerset Prob.*, No. 24-6686, 2024 WL 3276940, at *1–2 (D.N.J. June 30, 2024) (complaint dismissed for lack of subject matter jurisdiction because no federal statute was invoked and all parties were citizens of New Jersey); *Pinckney v. Somerset Prob. C.S. Enf't*, No. 24-5681, 2024 WL 3401555, at *2 (D.N.J. July 12, 2024) (complaint dismissed for lack of subject matter jurisdiction); *Pinckney v. Somerset Prob.*, No. 25-163, 2025 WL 675668, at *2 (complaint dismissed for failure to comply with Rule 8 and for failure to bring a claim under a federal statute with a private right of action).

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted). Federal courts

have subject matter jurisdiction in cases "arising under" federal law. *Royal Canin U. S. A., Inc. v.*

*Wullschleger*, 604 U.S. 22, 26 (2025) (citing 28 U.S.C. § 1331). This federal question jurisdiction

enables federal courts to decide cases "when federal law creates the cause of action asserted."

*Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation omitted). "If [a] complaint presents no federal

question, a federal court may not hear the suit" under federal question jurisdiction. *Royal Canin*

*U. S. A., Inc.*, 604 U.S. at 26. A federal court can also have subject matter jurisdiction under

diversity jurisdiction if a case involves "citizens of different States" and has the requisite amount-

in-controversy. *Id.* (citing 28 U.S.C. § 1332).

Motions to dismiss premised on sovereign immunity under the Eleventh Amendment are

properly viewed as motions to dismiss for want of subject matter jurisdiction under Rule 12(b)(1)

because "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject

matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)

(citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). "Without a

waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against

[state] agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of*

*Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).

## III.    DISCUSSION[7]

### A.    FEDERAL QUESTION JURISDICTION

In his hand-written form Complaint, Plaintiff lists four sections under the United States

Code and one section under the Uniform Commercial Code ("UCC") as the "federal statutes"

---

[7] As an initial matter, Plaintiff argues that *Haines v. Kerner*, 404 U.S. 519 (1972), bars dismissal of a *pro se* litigant's complaint for failure to state a claim. (Opp at 1.) In *Haines*, the Supreme Court, in overturning the lower court's dismissal of a *pro se* litigant's complaint, indicated that filings of *pro se* litigants are held to "less stringent standards" than those drafted by attorneys but did *not* bar district courts from dismissing

purportedly conferring subject matter jurisdiction upon this Court. (Compl. at 3.) However, because none of the cited statutes or the relied upon provision of the UCC at issue here—28 U.S.C. § 2007; 18 U.S.C. §§ 241, 242, 1346; and UCC § 3-311—provide a federal cause of action, the Complaint must be dismissed for lack of subject matter jurisdiction.[8] *See Gallenthin Realty Dev., Inc. v. BP Prods. of N. Am.*, 163 F. App'x 146, 151 (3d Cir. 2006) (dismissing plaintiffs' complaint for lack of subject matter jurisdiction because statute at issue did not create a private right of action).

*First*, 28 U.S.C. § 2007 is a procedural statute governing *inter alia* imprisonment and discharge. 28 U.S.C. § 2007(a), (b). There is no indication that this statute provides individuals with a private cause of action. *See Austin v. Hamilton*, No. 18-285, 2018 WL 4358266, at *4 (D. Me. Sept. 13, 2018), *aff'd*, No. 18-00285, 2018 WL 4567703 (D. Me. Sept. 24, 2018) (expressing doubt that § 2007 "authorize[s] a private cause of action"); *see also Gallenthin Realty Dev.*, 163 F. App'x at 150 (affirming dismissal of a complaint for lack of federal question jurisdiction because "Plaintiffs cite no case or other authority to support their contention that they have a private right of action under" a particular federal statute).

*Second*, 18 U.S.C. §§ 241, 242, 1346 are criminal statutes enforced solely by the government and thus provide no private cause of action. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (affirming dismissal because neither 18 U.S.C. §§ 241 or 242 "create[ ] a

---

a *pro se* litigant's complaint for failure to state a claim. *See id.* at 596; *see also Mala*, 704 F.3d at 244–45 (acknowledging the "limits" to the "procedural flexibility" laid out in *Haines* and explaining that "*pro se* litigants still must allege sufficient facts in their complaints to support a claim"). In any event, as discussed *infra*, the Motion to Dismiss is granted under Rule 12(b)(1) for lack of subject matter jurisdiction, and the Court need not reach Defendant's arguments pertaining to motions to dismiss under Rule 12(b)(6).

[8] Diversity jurisdiction also does not exist because Pinckney is a citizen of New Jersey, and Somerset Probation Child Support Enforcement is a New Jersey-based governmental entity. (ECF No. 1 at 1, 2.) Thus, the parties lack the requisite complete diversity for subject matter jurisdiction under 28 U.S.C. § 1332.

civil cause of action" (citation omitted)); *see also Thorpe v. Twp. of Salisbury, Pennsylvania*, No. 21-4261, 2022 WL 897764, at *4 (E.D. Pa. Mar. 28, 2022) (collecting cases indicating criminal statutes confer no private right to sue)*, aff'd sub nom. Thorpe v. Twp. of Salisbury*, No. 22-2448, 2023 WL 2783255 (3d Cir. Apr. 5, 2023).

*Third* and finally, Plaintiff invokes UCC § 3-311, which is a part of the Uniform Commercial Code. This is not Plaintiff's first attempt at marshalling this specific UCC provision against Defendant, but, as another court in this District has already held, "the UCC is not a federal statute from which federal question jurisdiction is derived." *Pinckney*, 2024 WL 3276940, at *2 (quoting *Birch-Min v. Birch*, No. 21-1, 2022 WL 2180102, at *3 (D.V.I. June 15, 2022)) (collecting cases); *see also Spencer v. Eristoff*, 224 F. App'x 173, 174 (3d Cir. 2007) (finding no federal question jurisdiction is derived from UCC violations, which are "firmly within the purview of state law").

Therefore, without any federal statute providing a private cause of action, there is no federal question jurisdiction, and accordingly, the Complaint is dismissed on this basis. *Berutti v. Wolfson*, No. 22-4661, 2023 WL 1071624, at *5 (D.N.J. Jan. 27, 2023) ("A federal court does not have federal question jurisdiction over a case where a private plaintiff's basis for his claims are statutes that do not authorize private rights of action.") (collecting cases).[9]

---

[9] While Plaintiff contends that the "complaint is a simple breach of contract action" (Opp at 1), such a claim is governed by state law and does not provide a basis for a federal court's jurisdiction. *See Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310 (3d Cir. 1994) (finding that breach of contract claims will not raise a federal question). Moreover, Plaintiff's Complaint did not raise a breach of contract claim and "it is axiomatic that a party cannot amend [his] pleading in a brief or assert a new claim in a brief that was not raised in [his] Complaint." *Cozzone v. AXA Equitable Life Ins. Soc. Of the U.S.*, 858 F. Supp. 2d 452, 456 (M.D. Pa. 2012).

### B.    SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT

Assuming *arguendo* that there was a cognizable federal cause of action, the sole Defendant is nevertheless immune from suit in this forum as an arm of the state of New Jersey.

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This constitutional amendment bars suits against a state, its agencies, and its departments in federal court. *Durham v. Kelley*, 82 F.4th 217, 227 (3d Cir. 2023) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). There are exceptions, however, such as when a state consents to be sued. *Treasurer of New Jersey*, 684 F.3d at 396. Even in those situations, the consent must be "express and unambiguous." *Id.* (citing *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000)).

Probation departments in New Jersey, like Defendant here, are regularly found to be immune from suit on state sovereign immunity grounds. *E.g.*, *McLean v. Cnty. of Mercer Dep't of Prob.*, No. 24-9455, 2025 WL 216317, at *2 n.3 (D.N.J. Jan. 16, 2025) (citing *Gencarelli v. Superior Ct. of N.J.*, No. 04-3332, 2005 WL 1490590, at *3 (D.N.J. June 22, 2005)); *Toussaint v. Sanchez*, No. 22-02447, 2022 WL 2161475, at *1 (D.N.J. June 15, 2022); *Brown v. City of Essex Cnty. N.J.*, No. 10-03980, 2011 WL 3610268, at *6 (D.N.J. Aug. 16, 2011). In fact, in *Messner v. Weingarten*, this court held that Somerset County Probation Department—was immune from suit under the Eleventh Amendment. *See Messner v. Weingarten*, No. 19-15752, 2023 WL 6806179, at *4 n.3 (D.N.J. Oct. 16, 2023).[10] Therefore, state sovereign immunity provides an independent basis to dismiss the Complaint for lack of subject matter jurisdiction.

---

[10] While the Court of Appeals for the Third Circuit has yet to opine on the applicability of state sovereign immunity to New Jersey's probation departments, it did note that "Pennsylvania's . . . probation and parole

Finally, the Court must determine whether to grant Defendant's request that the dismissal be *with* prejudice. (MTD at 14.) Where a court dismisses a complaint on the basis of subject matter jurisdiction, the only option is *without* prejudice. *See Associated Builders & Contractors W. Pennsylvania v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) (holding "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits" and thus must be "without prejudice" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))). While the Court cannot dismiss this Complaint with prejudice, it can deny leave to amend so long as any amendment would be futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (determining that dismissal without leave to amend is justified where the amendment would be futile); *see also, e.g.*, *Kovalev v. Stepansky*, 835 F. App'x 678, 680 & n.2 (3d Cir. 2020) (modifying district court's order dismissing claims *with* prejudice for lack of subject matter jurisdiction to a dismissal *without* prejudice and *without* leave to amend); *Smith v. Allied Retail Props.*, 802 F. App'x 734, 736 n.2 (3d Cir. 2020) (affirming dismissal without leave to amend and without prejudice). Here, the Court finds that any amendment would be futile because this is the third complaint brought by Plaintiff against Defendant that is dismissed for want of subject matter jurisdiction. *See Lu v. Young,* No. 23-1239, 2023 WL 5153515, at *9 (E.D. Pa. Aug. 10, 2023), *appeal dismissed*, No. 23-1845, 2024 WL 1634081 (3d Cir. Apr. 16, 2024), *aff'd*, No.

---

departments[] are ordinarily entitled to Eleventh Amendment immunity as arms of the State." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 201 (3d Cir. 2008). The Third Circuit has also found that other New Jersey state agencies are immune from suit under Eleventh Amendment immunity. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the [New Jersey Department of Corrections] from this case on Eleventh Amendment grounds."). Moreover, federal courts in other jurisdictions have similarly held that probation departments are entitled to Eleventh Amendment immunity when they are arms of the state. *See, e.g, Clark v. Tarrant Cnty., Texas*, 798 F.2d 736, 745 (5th Cir. 1986) (concluding Texas probation departments are subject to Eleventh Amendment immunity); *Oliphant v. Harmon*, No. 24-4820, 2024 WL 5274643, at *3 (C.D. Cal. Oct. 15, 2024) (collecting cases concluding that California probation departments are entitled to state sovereign immunity).

23-2496, 2024 WL 3160363 (3d Cir. June 25, 2024) (finding that "amendment would be futile"

when complaint is dismissed on, *inter alia*, sovereign immunity grounds). Accordingly, the

Complaint is dismissed.[11]

---

[11] There may be other independent grounds to dismiss the Complaint not discussed herein, including under abstention doctrines, such as *Rooker-Feldman* and *Younger*; under preclusion principles, such as *res judicata* and entire controversy doctrine; and for failure to state a claim.

While the Court dismisses the Complaint on reasons other than Rule 12(b)(6), it is well settled that Plaintiff's "accord and satisfaction" theory is not cognizable. Most importantly, "[a]ccord and satisfaction is an affirmative defense, rather than a cause of action." *Danganan v. Guardian Prot. Servs.*, No. 15-1495, 2019 WL 2464770, at *7 (W.D. Pa. June 13, 2019), *aff'd*, 813 F. App'x 769 (3d Cir. 2020); *Cranmer v. Harleysville Ins. Co.*, 719 F. App'x 95, 98 (3d Cir. 2017) (indicating that accord and satisfaction is an affirmative defense under New Jersey law). Moreover, Plaintiff's argument that his child support obligation is extinguished because he wrote "Paid in Full" on a $100 money order appears to be without merit. *See Zeller v. Markson Rosenthal & Co.*, 691 A.2d 414, 417 (N.J. Sup. Ct. App. Div. 1997) ("In the absence of evidence" that "the party accepting the tender[] intends the acceptance to serve as full satisfaction of the entire disputed obligation," "the defense of accord and satisfaction is unavailing to defeat a creditor's claim for payment in full."); *Spatafore v. Wells Fargo Bank, N.A.*, No. A-3448-13T2, 2016 WL 4784097, at *3 (N.J. Super. Ct. App. Div. Sept. 14, 2016) (finding no accord and satisfaction where lender did not intend the payment to satisfy the full indebtedness).

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. The Complaint is **DISMISSED** without prejudice and without leave to amend.[12] An appropriate Order accompanies this Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2025

---

[12] To the extent the "Rule 56 filing," is intended as a standalone motion, it is denied as moot following the dismissal of the subject Complaint. *See Tecchio v. U.S., ex rel. Meola*, No. 03-1529, 2004 WL 370411, at *2 (D.N.J. Jan. 9, 2004), *aff'd sub nom. Tecchio v. United States*, 153 F. App'x 841 (3d Cir. 2005).